**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

November 25, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2019

*By ECF*

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re:   *United States v. Franklin De Jesus Zarzuela*, 19 Cr. 851 (GHW)

Dear Judge Woods:

I write to respectfully request that the Court schedule an initial conference and bail hearing in this matter for the week of December 2, 2019, or as soon thereafter as convenient for the Court.

Franklin De Jesus Zarzuela is charged in a one-count information with illegally reentering the United States. Mr. Zarzuela was arrested and presented on October 28, 2019, at which time Mr. Zarzuela consented to his detention without prejudice to making a future bail application. On November 15, 2019, Mr. Zarzuela was interviewed by Pretrial Services for the purpose of preparing a pretrial report and bail recommendation. And on November 25, 2019, Mr. Zarzuela was arraigned on the information.

Here, there are conditions of release that will satisfy the Bail Reform Act. Specifically, the following conditions will reasonably assure Mr. Zarzuela's appearance as required: (1) a $25,000 personal recognizance bond co-signed by two financially responsible people; (2) surrender of all travel documents and no new applications; and (3) travel restricted to the Southern and Eastern Districts of New York.

   A.   **The standard.**

A defendant who has pled not guilty and is facing trial must be released on a personal recognizance bond unless the court determines that such release will not reasonably assure her appearance or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b). Even if the court determines that the defendant's release on an unsecured bond presents a risk of flight, the law still requires release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required." *Id.* § 3142(c)(1)(B). Only if the evidence at a detention hearing proves "that no condition or combination of conditions will reasonably assure the appearance of the

person as required ... shall [the court] order the detention of the person before trial." *Id.* § 3142(e). In conducting such a hearing, courts are instructed to take into account (1) the nature of the offense; (2) the weight of the evidence; and (3) the history and characteristics of the person, including family ties.[1] *Id.* § 3142(g).

"Because the law thus generally favors bail release, the government carries a dual burden in seeking pre-trial detention." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). First, it must prove by a preponderance of the evidence that the defendant "presents an actual risk of flight." *Id.* (emphasis added). "Mere opportunity for flight is not sufficient." *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986). The risk of flight must be serious. 18 U.S.C. § 3142(f)(2)(A); *United States v. Nwokoro*, 651 F.3d 108, 110 (D.C. Cir. 2011); *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). If an actual risk of flight is established, "the presumption in favor of bail still applies." *United States v. Berrios-Berrios*, 791 F.2d 246, 251 (2d Cir. 1986). The presumption is overcome only if the government then proves that "no condition or combination of conditions could be imposed on the defendant that would reasonably assure [her] presence in court." *United States v. Sabhani*, 493 F.3d at 75 (emphasis added). The burden is on the government at all times to establish these prerequisites for detention. *Id.*; *United States v. Shakur*, 493 F.3d 63, 75 (2d Cir. 2007). Under this statutory scheme, preventive detention is the exception for "extreme cases," *Berrios-Berrios*, 791 F.2d at 250, and "only a 'limited group of offenders'[] should be denied bail pending trial." *Shakur*, 817 F.2d at 195.

### B.     The bail factors favor setting conditions of release for Mr. Zarzuela.

The Court should not assume that because Mr. Zarzuela is charged with illegal reentry and faces removal from the United States after the completion of this case that there are no conditions that can reasonably assure his appearance in court as required. Indeed, for the reasons described below, the risk of flight in this case is extraordinarily low, and the requested conditions will reasonably assure Mr. Zarzuela's future appearance in court as required.

As an initial matter, courts in this district – including in a case currently pending before this Court – have set bail conditions for defendants in similar circumstances. *See*, *e.g.*, *United States v. Espinoza*, 19 Cr. 641 (GHW) (illegal reentry); *United States v. Nicolas Rosario*, 19 Mag. 3480 (GWG) (same); *United States v. Ramon Torres*, 18 Cr. 587 (ALC) (same); *United States v. Galitsa*, 17 Cr. 324 (VEC) (same); *see also United States v. Vitale-Perez*, 15 Cr. 683 (ER) (narcotics case; detainer lodged against defendant); *United States v. Pilla* (RLE), 15 Cr.

---

[1] Courts are also instructed to take into account the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Mr. Zarzuela poses no danger to anyone.

783 (bribery; detainer lodged against defendant).[2] As the Ninth Circuit recently explained, "in assessing a motion to detain a defendant pending trial, a district court must conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g). A defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." *See United States v. Diaz-Hernandez*, No. 19-50336 (9th Circuit, Nov. 19, 2019).[3]

Here, the factors set forth in § 3142(g) favor release.

### 1.   The weight of the evidence.

While there is no dispute that Mr. Zarzuela returned to the United States after deportation without first seeking permission from the U.S. Government, he has a viable defense to the charge of illegal reentry: specifically, that the underlying deportation order was invalid, and thus dismissal of the information is proper under 8 U.S.C. § 1326(d). *See e.g.*, *United States v. Scott*, 394 F.3d 111, 113 (2d Cir. 2005) (explaining that a defendant may challenge an indictment charging illegal reentry by demonstrating that the entry of the underlying deportation order was "fundamentally unfair.").

### 2.   Mr. Zarzuela's history and characteristics.

Franklin Zarzuela is 39 years old. His underlying convictions date from 1999, and he was removed from the United States in around 2001. After returning to the United States, Mr. Zarzuela lived in Manhattan with his common-law wife, Casilda Almonte, their sixteen-year-old daughter, and Ms. Almonte's children from a prior relationship. Ms. Almonte and the children are all U.S. citizens. Ms. Almonte works as a logistics coordinator, and will serve as one of our proposed co-signers. If Mr. Zarzuela is released on bail, he will return to Ms. Almonte and his children.

Since returning to the United States, Mr. Zarzuela has one arrest: on August 8, 2019, he was arrested for the criminal possession of a controlled substance in the seventh degree, and for driving while impaired. Importantly for this application, Mr. Zarzuela was released on his own recognizance. And though it was clear to Mr. Zarzuela and his counsel from his initial

---

[2] Courts in the Eastern District of New York have also regularly set bail conditions for defendants with ICE detainers. *See*, *e.g. United States v. Benitez-Dominguez*, 19 Cr. 99 (NGG) (illegal reentry); *United States v. Casas-Cortez*, 19 Cr. 491 (KAM) (same); *United States v. Rosario Ventura*, 17 Cr. 418 (DLI) (same); *see also United States v. Lokhnauth*, 19 Cr. 201 (WFK) (narcotics; detainer lodged); *United States v. Johnson*, 19 Cr. 523 (ERK) (same); *United States v. Lett*, 17 Cr. 628 (MKB) (same); *United States v. Rodney*, 17 Cr. 486 (SJ) (same); *United States v. Lopez*, 217 Cr. 683 (ENV) (same); *United States v. Boutin*, 17 Cr. 590 (DLI) (money laundering; detainer lodged).

[3] Available at https://cdn.ca9.uscourts.gov/datastore/opinions/2019/11/19/19-50336_order.pdf.

presentment in the state that ICE was aware of the arrest, Mr. Zarzuela made all court appearances as required.

### 3.　Mr. Zarzuela has already served a guideline-range sentence.

In conducting its bail analysis, the Court can take into account the fact that Mr. Zarzuela has already been incarcerated for around one month, which is within Mr. Zarzuela's expected sentencing guidelines-range.[4] While no one can predict what sentence the Court may ultimately impose if Mr. Zarzuela is convicted (the maximum term is two years' imprisonment), the fact that Mr. Zarzuela has already served a guidelines-range sentence lessens any perceived risk of flight.

In sum, the proposed conditions will reasonably assure Mr. Zarzuela's presence as required. I respectfully request that the Court schedule a bail hearing for the week of December 2, 2019, or as soon thereafter as convenient for the Court.

Respectfully submitted,

/s/
Martin S. Cohen
Ass't Federal Defender
(212) 417-8737

cc:　Samuel Rothschild, Esq., by ECF

The Court refers Mr. De Jesus Zarzuela's request for a bail hearing to the presiding judge in magistrate's court. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 9.

SO ORDERED.

Dated: November 27, 2019
New York, New York

GREGORY H. WOODS
United States District Judge

---

[4] In its *Pimentel* letter dated October 29, 2019, the Government indicated an expected Guidelines range in this case of 0 to 6 months, based on an offense level of 6, and a criminal history category of I.